May Term,
1853.

FORBES
v.
TIFFANY.

---

FORBES *v.* TIFFANY and Others.

*Scire facias*, under the R. S. 1843, on the transcript of a justice's judgment, for an execution against real estate. The *scire facias* alleged that *A., B.,* and *C.*, merchants trading under the name of *A. & Co.*, recovered a judgment under their firm name, &c. Pleas, 1. That *A., B.,* and *C.* were not, at the time of the recovery of judgment, nor at any other time, partners under the name of *A. & Co.*, nor did they, as partners, or otherwise, recover the judgment, &c.—2. That *A., B.,* and *C.*, were not, at the commencement of the suit, nor are they yet, the owners of the judgment as partners under the name of *A. & Co.*, or otherwise. The pleas, not having been sworn to, were, on motion, rejected. *Held*, that the rejection was right.

Where the judgment has been assigned, such *scire facias* may be prosecuted, under the R. S. 1843, in the name of the judgment-plaintiff.

The defendant cannot, in such case, complain of the omission of the clerk to indorse upon the writ that it is for the use of the assignee.

*Thursday,*
*June 2.*

ERROR to the *Decatur* Circuit Court.

ROACHE, J.—*Scire facias* on the transcript of a justice's judgment for execution against real estate.

The *scire facias* alleges that *Osmond C. Tiffany, Elias B. Long,* and *William W. Bym,* merchants trading under the firm name of *O. C. Tiffany, & Co.*, recovered a judgment before a justice, under their firm name, against *Angus Forbes*.

The defendant in the Court below filed five pleas, upon three of which issues were formed. The other two were, on motion, rejected. The rejection of these pleas is the error complained of.

The first plea alleges that *Osmond C. Tiffany, Elias B. Long*, and *William W. Bym*, were not, at the time of the recovery of the judgment before the justice, or at any other time, partners under the name of *O. C. Tiffany, & Co.*, nor did they, as partners, or otherwise, recover the said judgment, &c.

The second plea alleges that *Osmond C. Tiffany, Elias B. Long*, and *Wiliiam W. Bym*, were not, at the time of the commencement of this suit, (nor are they yet), the owners of said judgment, as partners under the name of *O. C. Tiffany, & Co.*, or otherwise.

The *scire facias* is an original suit, founded on the judgment of the justice of the peace. In the writ, which, in this proceeding is the declaration, it is alleged that *Osmond C. Tiffany, Elias B. Long*, and *William W. Bym*, partners, recovered a judgment before the justice, under their partnership name of *O. C. Tiffany, & Co.*, and that the judgment belongs to them as such partners. The pleas were not sworn to, and on that ground were rejected. They, in effect, denied that the plaintiffs, as partners, as they alleged in the *scire facias*, had recovered and were the owners of the judgment before the justice. They should have been verified by affidavit. There was no error in their rejection.

The issues joined were found for the plaintiff below, and he had judgment of execution.

The plaintiff in error contends, that inasmuch as it was shown in proof that one *Groves* was the owner of the judgment at the time of the issuing of the *scire facias*, the proceeding to enforce it should have been in his name, and not in the name of the original judgment-plaintiffs.

Section 15, art. 2, of c. 31, R. S. 1843, provides that in case of the assignment of a judgment, execution shall issue in the name of the original plaintiff.

There was no impropriety in the writ, the object of which was to establish the lien of the original judgment and enforce its execution, being in the name of the party in whose name the execution is to be issued.

It was perhaps proper, under the provisions of the statute, that the clerk should have indorsed upon the writ that it was for the use of the assignee. But his omission to do so cannot, in any way, injure the judgment-defendant. It does not affect his rights. It was an omission of which the assignee alone had a right to complain. (1)

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*A. Davison,* for the plaintiff.

*J. Robinson,* for the defendants.

(1) DAVISON, J., having been concerned as counsel, was absent.